# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                      **Case No. 10-CR-111**

**RYAN URBAN**
        **Defendant.**

## ORDER

Defendant Ryan Urban pleaded guilty to conspiracy to distribute cocaine, and on February 24, 2015, I sentenced him to time served followed by two years of supervised release. On April 14, 2016, defendant filed a motion for early termination of his supervised release. The district court may grant early termination if the defendant has served at least one year of supervision, the government is given notice and an opportunity to be heard, and termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998). Defendant has served more than one year of supervision, and the government in its response to the motion indicates that it leaves the termination decision to the sound discretion of the court.

The district court possesses wide discretion in deciding whether to terminate supervision. See United States v. Hook, 471 F.3d 766 , 771 (7th Cir. 2006). However, courts have generally required the defendant to show more than mere compliance with the rules of supervision. Courts have granted early termination in cases involving new or unforeseen circumstances, which may include exceptionally good behavior, or where supervision hinders

the defendant's rehabilitation. United States v. White, Case No. 06-CR-50, 2012 BL 275841, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). The defendant bears the burden of demonstrating that early termination is justified. Id.

In his motion, defendant indicates that he never missed an appointment or failed a drug test; committed no new violations of law, not even a traffic violation; cooperated fully with the government; obtained a bachelor's degree with a 3.8 GPA; maintained full-time employment; opened two businesses; coached his son's sports teams; and completed eight months of house arrest with no violations. While the court expects those on supervision to work and follow the rules, defendant's efforts in terms of employment, education, and family exceed the norm. Defendant has a prior record, but most of his convictions are substance abuse related, and he appears to have gotten a handle on his drug and alcohol issues. Further supervision is not needed to protect the public or provide defendant with correctional treatment. 18 U.S.C. § 3553(a)(2).

**THEREFORE, IT IS ORDERED** that defendant's motion for early termination (R. 90) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge